Filed 11/24/14  P. v. Torres CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B255495 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA102035) |
| v. | |
| RYAN BONUS TORRES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Ryan Bonus Torres was charged in an information with three counts of identity theft with a prior conviction for identity theft (Pen. Code, § 530.5, subd. (c)(2) and one count each of forgery (Pen. Code, § 476), fraudulent possession of a scanning device (Pen. Code, § 502.6, subd. (a)), possession for sale of methamphetamine (Health & Saf. Code, § 11378), transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and unlawful possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)(1)). The information specially alleged Torres had suffered three prior serious or violent felony convictions within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had previously served six separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)). Torres pleaded not guilty and denied the special allegations.

Torres entered a negotiated plea of no contest, orally and in writing, to transportation of methamphetamine, identity theft and unlawful possession of a smoking device and admitted he had suffered one prior strike conviction. At the time he entered his plea, Torres was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Defense counsel joined in the waivers of Torres's constitutional rights. The trial court expressly found Torres's waivers, plea and admission were voluntary, knowing and intelligent.

The trial court sentenced Torres in accordance with the plea agreement to an aggregate term of nine years four months in state prison and a consecutive term of six months in county jail: eight years (the four-year upper term doubled under the three strikes law) for transportation of methamphetamine, plus 16 months (one-third the two-year middle term doubled under the three strikes law) for identity theft; plus six months in county jail for unlawful possession of a smoking device. The court awarded Torres presentence custody credit of 501 days and ordered him to pay statutory fines, fees and assessments. The remaining counts and special allegations were dismissed pursuant to the negotiated agreement.

Torres filed a timely notice of appeal in which he checked the preprinted boxes indicating his appeal was "based on the sentence or other matters occurring after the

plea" and "the denial of a motion to suppress evidence" and "challenged the validity of the plea or admission. The trial court denied Torres's request for a certificate of probable cause in which he asserted he had been under duress at the time of his plea and his defense counsel had provided ineffective assistance.

We appointed counsel to represent Torres on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On September 15, 2014 we advised Torres he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) To the extent Torres is seeking to challenge the validity of his plea and his sentence imposed as part of his plea, his appeal is inoperative. Furthermore, he did not file a motion to suppress evidence. With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Torres's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

### DISPOSITION

The judgment is affirmed.

PERLUSS, P. J.

We concur:

WOODS, J.                    ZELON, J.

3